IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KENNETH HARRELSON,
*Address Filed Under Seal,*

Plaintiff,

-against-

UNITED STATES OF AMERICA
*950 Pennsylvania Avenue NW, Washington, DC 20530,*

and JOHN DOE, Special Agent, Federal Bureau of Investigation, in his or her individual capacity,

Defendants.

Civil Action No.

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff Kenneth Harrelson, by and through undersigned counsel, Raiser Kenniff & Lonstein, brings this action against Defendants United States of America and John Doe, and in support thereof alleges as follows:

## NATURE OF THE ACTION

1. Kenneth Harrelson gave years of his life to the United States Army. He came home, settled into a quiet, unremarkable life in Titusville, Florida, and had no criminal record of any kind before the day the federal government decided to make an example of him.

2. On January 6, 2021, Mr. Harrelson traveled to Washington, D.C. believing he would be providing a volunteer security role at a public event. He did not strike an officer. He did not break a window. He did not force a door. He was one face in a crowd of thousands, photographed standing near other men in tactical gear, and on that photograph the government built a prosecution that would consume the next five years of his life.

3. Among the charges that the prosecution produced was a conviction, in part, for obstructing an official proceeding under 18 U.S.C. § 1512(c)(2), on a legal theory so sweeping it treated presence at a chaotic public event as a federal felony. Two years later, in *Fischer v. United States*, 603 U.S. 480 (2024), the Supreme Court held that theory was wrong. Indeed, the Supreme Court would later hold that § 1512(c)(2) reaches only conduct that impairs the availability or integrity of records, documents, or objects used in an official proceeding, a showing the government never made, and never could have made, to support that count.

4. It took more than two years in custody, a jury trial, a felony conviction, a prison sentence, and a fight through the Court of Appeals before the government would admit what it had done. On May 21, 2026, on its own motion, the government asked the D.C. Circuit to vacate the judgment against Mr. Harrelson. The Circuit did. On August 4, 2026, the very court that presided over his trial dismissed the Superseding Indictment against him, every count, with prejudice, permanently and finally. There will be no retrial. There will be no second chance for the government to make its case again. The prosecution of Kenneth Harrelson is over, and it ended in total defeat for the government that brought it.

5. None of that undoes what was already done to him. Mr. Harrelson spent more than two years in federal custody, was separated from his family, was convicted of federal felonies, was sentenced to prison, and has carried the public label of a January 6 felon ever since, all before the government's own case collapsed under the weight of its own record. This action seeks to hold the United States, and the federal agent who set this prosecution in motion, accountable for what that pursuit cost him.

## PARTIES

6. Plaintiff Kenneth Harrelson is a citizen of the United States. At all times relevant to this Complaint, he resided in Titusville, Florida, where he had lived and worked for years before January 6, 2021, without a criminal record. Mr. Harrelson served in the United States Army.

7. Defendant United States of America is named pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, et seq., for the tortious conduct of its employees and agents described in this Complaint, all of whom acted within the scope of their federal employment. Because the conduct alleged is that of investigative and law enforcement officers of the United States, this action falls within the proviso to 28 U.S.C. § 2680(h), which expressly permits claims for malicious prosecution and false imprisonment arising from the acts of such officers.

8. Defendant John Doe was, at all times relevant to this Complaint, a Special Agent of the Federal Bureau of Investigation assigned to investigate the events of January 6, 2021, at the United States Capitol. He or she was the affiant on the criminal complaint and supporting affidavit (the "Affidavit"), Case No. 1:21-mj-00283, that initiated the criminal prosecution of Mr. Harrelson. That person's true name was redacted from the publicly filed Affidavit and is presently unknown to Plaintiff. Plaintiff will amend this Complaint to identify that person by name once that person's identity is disclosed through discovery or otherwise. That person is sued in their individual capacity.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1).

10. Plaintiff has exhausted his administrative remedies as required by 28 U.S.C. § 2675(a). On September 26, 2025, Plaintiff presented a series of Standard Form 95 administrative claims to the appropriate federal agency, setting forth the factual and legal basis for the claims alleged herein and a sum certain for each claim. More than six months have elapsed since presentment without a final disposition of the claims by the agency, entitling Plaintiff to treat the claims as denied and to bring this action.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because Defendant United States is subject to suit in this District, a substantial part of the events giving rise to this action occurred in this District, and the underlying criminal prosecution, *United States v. Rhodes, et al.*, No. 1:22-cr-00015 (APM) (D.D.C.), was investigated, indicted, tried, and dismissed in this District.

## FACTUAL BACKGROUND

### *A. Kenneth Harrelson*

12. Before January 6, 2021, Kenneth Harrelson was an Army veteran in his early forties living in Titusville, Florida. He had no criminal history. He was, as reported, a man whose conduct that day never included the language of "revolution" or the other extremist rhetoric that filled the private communications of several of his co-defendants, and who did not physically attack or threaten to assault a single police officer.

13. Mr. Harrelson traveled to Washington, D.C. in early January 2021 to serve, in his own understanding, a volunteer security role in connection with scheduled events. He was not a leader of the Oath Keepers, he did not organize the January 6 activities of the group, and he is not

alleged in the operative charging documents to have struck an officer, broken a window, damaged a door, or destroyed any record, document, or evidence.

### *B. The Criminal Complaint and Supporting Affidavit*

14. On March 5, 2021, a Special Agent of the Federal Bureau of Investigation, sued here as John Doe, presented a criminal complaint and supporting Affidavit to a United States Magistrate Judge in this District, charging Mr. Harrelson with violations of 18 U.S.C. §§ 371, 1512(c)(2), 1361, and 1752(a)(1).

15. The Affidavit's case against Mr. Harrelson personally, as opposed to the Oath Keepers as an organization, consisted almost entirely of photographs and video stills placing him near a group of individuals in matching tactical clothing, a still image of one co-defendant's hand on his shoulder inside the Capitol Rotunda, and cell-site and subscriber records establishing his phone was in the area. The Affidavit did not allege that Mr. Harrelson struck, threatened, or resisted any officer, that he broke any window or door, or that he took, altered, or destroyed any record, document, or proceeding-related object.

16. Beyond that circumstantial, group-based evidence, the Affidavit did not identify any statement, communication, or item of physical evidence tying Mr. Harrelson individually to a plan or agreement to obstruct the certification proceeding, as distinct from his attendance at, and presence near, a rally and march that hundreds of other people also attended that day.

### *C. Indictment and Trial*

17. A federal grand jury returned a Superseding Indictment against Mr. Harrelson and eight co-defendants, ECF No. 167, charging, among other counts, seditious conspiracy, conspiracy

to obstruct an official proceeding, conspiracy to prevent members of Congress from discharging their duties, and obstruction of an official proceeding.

18. Mr. Harrelson proceeded to trial and, on November 29, 2022, the jury returned its verdict, ECF No. 410. The jury acquitted Mr. Harrelson of seditious conspiracy under 18 U.S.C. § 2384, of conspiracy to obstruct an official proceeding under 18 U.S.C. § 1512(k), and of destruction of government property. The jury convicted Mr. Harrelson on three counts: obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2) (Count III); conspiracy to prevent an officer from discharging his duties, 18 U.S.C. § 372 (Count IV); and tampering with documents or proceedings, 18 U.S.C. § 1512(c)(1) (Count IX).

### *D. Sentencing*

19. At sentencing on May 26, 2023, the government sought a sentence of fifteen years' imprisonment for Mr. Harrelson. The Court, the Honorable Amit P. Mehta, imposed a sentence of four years. In imposing that sentence, Judge Mehta stated on the record that he believed Mr. Harrelson was genuinely remorseful and that he was less responsible than the other members of the group with whom he had been tried.

20. Mr. Harrelson addressed the Court at sentencing. He stated that he had never thought about politics before January 6, that he was responsible for his actions, and that his conduct had caused immense pain to his life and to his children.

21. Mr. Harrelson remained in continuous federal custody from his arrest in March 2021 through and beyond his sentencing in May 2023, a period of more than two years, for conduct that resulted, at trial, in a conviction on the three counts described above.

### *E. Fischer v. United States and Count III*

22. While Mr. Harrelson's appeal was pending, the Supreme Court decided *Fischer v. United States*, 603 U.S. 480 (2024). The Court held that a conviction under 18 U.S.C. § 1512(c)(2) requires proof that the defendant impaired, or attempted to impair, the availability or integrity of records, documents, or objects used in an official proceeding, and that the government's broader theory, that any act intended to obstruct, influence, or impede Congress's certification proceeding was sufficient, was incorrect as a matter of law.

23. The government's evidence against Mr. Harrelson on Count III never purported to satisfy the standard *Fischer* announced. No witness, exhibit, or argument at trial claimed that his conduct underlying that count involved taking, altering, concealing, or destroying any record, document, or object used in the certification proceeding. His conviction on Count III rested on precisely the theory of obstruction that *Fischer* rejected.

### *F. Vacatur and Dismissal With Prejudice*

24. On May 21, 2026, on the government's own unopposed motion, the United States Court of Appeals for the District of Columbia Circuit vacated the judgment against Mr. Harrelson and remanded the case to the district court for consideration of the government's forthcoming motion to dismiss the indictment. Mandate, ECF No. 965.

25. On May 22, 2026, the government moved to dismiss the Superseding Indictment as to Mr. Harrelson and his co-defendants pursuant to Federal Rule of Criminal Procedure 48(a). Gov't Mot., ECF No. 967. Following supplemental briefing ordered by the district court, ECF No. 976, and the government's supplemental submission, ECF No. 979, the district court granted the motion. Mem. Op. & Order, ECF No. 981.

26. On August 4, 2026, the Superseding Indictment, ECF No. 167, was dismissed with prejudice as to Mr. Harrelson. ECF No. 981. On August 24, 2026, the docket was corrected to confirm that the disposition as to Mr. Harrelson is dismissal with prejudice. Every count on which Mr. Harrelson was ever charged or convicted has now been permanently and finally terminated in his favor.

### *G. Harm to Mr. Harrelson*

27. As a direct and proximate result of the conduct alleged in this Complaint, Mr. Harrelson was incarcerated for more than two years, separated from his family and his children during that time, convicted of federal felonies that were later wiped from the record by dismissal with prejudice, and has suffered lasting economic loss, reputational injury, and emotional distress.

## CAUSES OF ACTION

### COUNT I

*(Federal Tort Claims Act – Malicious Prosecution, Against the United States)*

28. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

29. Under the law of the District of Columbia, which governs this claim under the FTCA, a plaintiff states a claim for malicious prosecution by alleging that (1) the defendant instituted or continued a criminal proceeding against the plaintiff, (2) the proceeding terminated in the plaintiff's favor, (3) the proceeding was brought or continued without probable cause, (4) the defendant acted with malice, and (5) the plaintiff suffered damages as a result.

30. Special Agent Doe, acting within the scope of his or her federal employment, instituted the criminal proceeding against Mr. Harrelson by swearing out the criminal complaint

and affidavit described above. He or she continued that proceeding by continuing, throughout the pendency of the prosecution, to stand behind the investigative conclusions in that affidavit, without correction or retraction, even as the case advanced through indictment, trial, sentencing, and years of appellate litigation, all of which remained premised on the same investigative findings he first attested to in March 2021.

31. The criminal proceeding against Mr. Harrelson terminated in his favor. On August 4, 2026, the district court dismissed the Superseding Indictment against him with prejudice, and the docket was corrected to reflect a disposition of dismissal with prejudice as to every count. That disposition satisfies the favorable-termination element as a matter of law. A plaintiff need not show that the underlying proceeding affirmatively established his innocence, only that it ended without a conviction.

32. The proceeding was continued without probable cause as to Count III. Mr. Harrelson's conviction on that count rested on 18 U.S.C. § 1512(c)(2). The Supreme Court subsequently held in *Fischer v. United States*, 603 U.S. 480 (2024), that this provision requires proof that a defendant impaired, or attempted to impair, the availability or integrity of records, documents, or objects used in an official proceeding. No evidence ever offered against Mr. Harrelson on Count III, at the charging stage, at trial, or at any point thereafter, purported to establish that element. A prosecution maintained on a legal theory that could not, as a matter of law, support the conviction obtained is a prosecution maintained without probable cause as to that offense. That the government ultimately moved to vacate the judgment and dismiss the Superseding Indictment against Mr. Harrelson in its entirety, with prejudice, confirms that no count of conviction against him survives today in any form.

33. Defendant acted with malice. Malice may be inferred from the absence of probable cause. It is further evidenced by the government's continued pursuit and defense of Mr. Harrelson's § 1512(c)(2) conviction for years after the legal vulnerability of its own theory became apparent, and by Special Agent Doe's reliance on group photographs, matching tactical clothing, and physical proximity to co-defendants, rather than any evidence specific to Mr. Harrelson's own conduct, to support probable cause for that charge.

34. As a direct and proximate result of the malicious prosecution described herein, Mr. Harrelson suffered loss of liberty, economic damages including lost income and legal expense, reputational harm, and severe emotional distress.

**COUNT II**

*(Federal Tort Claims Act – False Imprisonment, Against the United States)*

35. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

36. Mr. Harrelson was detained in federal custody continuously from his arrest in March 2021 through his sentencing in May 2023 and thereafter, a period exceeding two years, pursuant to a judgment of conviction that included the § 1512(c)(2) count described above.

37. That judgment of conviction, in its entirety, was vacated by the United States Court of Appeals for the District of Columbia Circuit on May 21, 2026, and the Superseding Indictment underlying it was dismissed with prejudice by the district court on August 4, 2026. No conviction, on any count, now supports the confinement Mr. Harrelson served. His confinement was accordingly not justified by legal process that can be sustained today, and constituted an unlawful

restraint on his liberty for which the United States is liable under the FTCA's law enforcement proviso, 28 U.S.C. § 2680(h).

38. As a direct and proximate result of his false imprisonment, Mr. Harrelson suffered loss of liberty, economic damages, and severe emotional distress.

**COUNT III**

*(Bivens – Fifth Amendment Due Process, Against Defendant Doe)*

39. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

40. Defendant Doe, acting under color of federal authority, prepared and submitted the Affidavit that initiated the criminal complaint against Mr. Harrelson. That Affidavit relied on group photographs and proximity to co-defendants to identify Mr. Harrelson as a participant in conduct later held, as a matter of law, not to constitute the offense charged, in circumstances where Defendant Doe's own investigation had already revealed the unreliability of such identifications.

41. Defendant Doe's conduct in initiating and continuing to pursue the prosecution of Mr. Harrelson on a legally unsupportable theory, without a good-faith basis to believe the elements of the charged offense were satisfied, deprived Mr. Harrelson of his liberty without due process of law in violation of the Fifth Amendment to the United States Constitution.

42. As a direct and proximate result of Defendant Doe's conduct, Mr. Harrelson suffered loss of liberty, economic damages, reputational harm, and severe emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kenneth Harrelson respectfully requests that this Court enter judgment in his favor and against Defendants, and award:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages against Defendant John Doe in an amount to be determined at trial;

c. Pre-judgment and post-judgment interest as allowed by law;

d. Reasonable attorneys' fees and costs of suit; and

e. Such other and further relief as this Court deems just and proper.

*[Remainder of page intentionally left blank.]*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: September 25, 2026
Garden City, New York

Respectfully submitted,

**RAISER, KENNIFF & LONSTEIN**

By: /s/*Alexander Lonstein*
Alexander Lonstein, Esq.
666 Old Country Road, Suite 509
Garden City, New York 11530
Phone: (516) 742-7600
alexander@rkl.law

D.C. Bar Identification No. 67368

*Attorneys for Plaintiff*